UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD D. JACKSON, | ) | Case No.: 1:13 CV 840 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN SHOBERT, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent | ) | |

*Pro se* Petitioner Clifford D. Jackson filed this Petition for a Writ of Habeas Corpus (ECF No. 1), claiming he was being denied a speedy trial. At the time the petition was filed, Jackson was being detained in the Cuyahoga County Jail awaiting trial on capital murder charges. Shortly after filing this Petition, his case was called to trial. For the reasons set forth below, the Petition is dismissed without prejudice for failure to exhaust state court remedies.

## BACKGROUND

Petitioner was indicted on numerous charges, including aggravated murder with death penalty specifications, on June 21, 2011. He entered a plea of not guilty to all charges and was remanded without bond. Counsel was appointed to represent him. The Cuyahoga County Common Pleas Court docket reflects Petitioner's attorneys requested numerous continuances before his case

was called to trial on April 30, 2013.[1] Petitioner filed several *pro se* Motions with the trial court indicating he did not consent to the continuances or to a waiver of his speedy trial rights. The docket does not reflect a ruling on those motions. The jury returned a verdict on May 28, 2013, finding Petitioner guilty of aggravated murder, murder, aggravated burglary, kidnaping, kidnaping a child under thirteen years of age, attempted aggravated murder, and having a weapon under disability. Each count for which he was convicted carried specifications for a one-year firearm specification, a three-year firearm specification, notice of prior conviction, and repeat violent offender. On June 18, 2013, Petitioner was sentenced to life in prison without parole. He filed an appeal of his conviction to the Ohio Eighth District Court of Appeals on July 18, 2013. That appeal is still pending.

## LAW AND ANALYSIS

A petitioner who has been tried and convicted, and who therefore is "in custody pursuant to the judgment of a State court" must challenge his conviction or sentence under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee being held at the county jail, however, is not "in custody pursuant to the judgment of a State court." Rather, he is in custody pursuant to an indictment. Pretrial detainees must therefore pursue habeas relief under § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir.2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir.1981). At the time he filed this petition, Petitioner was in pretrial custody, and had not yet been convicted of any charge. Shortly after the petition was filed, he was tried and convicted. He is now in custody pursuant to that judgment of conviction.

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

Both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 require petitioners to exhaust state court remedies prior to seeking federal habeas corpus relief. *See Hensley v. Municipal Court*, 411 U.S. 345, 353 (1973)(exhaustion doctrine applies to §2241 petitions); *Baldwin v. Reese*, 541 U.S. 27 (2004)(§ 2254 requires exhaustion of state court remedies). When considering a petition filed under § 2241, federal courts should abstain from the exercise of habeas jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546. Abstention from the exercise of habeas jurisdiction is justified under the doctrine of comity. The practice of "exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id*. Petitioners asserting a violation of their constitutional right to a speedy trial, particularly when the relief sought is dismissal of the charges, are required to comply with the state court exhaustion requirement before seeking relief under § 2241. *Atkins*, 644 F.2d at 546; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042-44 (S.D. Ohio 2011).

Those same concerns for comity and deference to state court decisions apply to habeas petitions filed after conviction under § 2254. A federal court may grant a habeas petition filed by a person in state custody under § 2254 only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). This exhaustion requirement is not fulfilled until the state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

In this case, Petitioner has already been brought to trial, and any request for relief in the form of an order requiring the state to promptly try him would be moot. The only relief available after conviction to remedy a speedy trial violation is to overturn the conviction. Petitioner's speedy trial challenge therefore is an attack on his state court judgment. Consequently, he must give the State of Ohio an opportunity to address his claim before bringing it to federal court. This Court cannot review the merits of this claim, under § 2241 or § 2254 unless and until Petitioner exhausts his state court remedies.

## CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed without prejudice for failure to exhaust state court remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 6, 2013